UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN R. WATLEY,<br><br>Plaintiff,<br><br>-against-<br><br>AXA EQUITABLE,<br><br>Defendant. | **ORDER STAYING DISCOVERY**<br><br>**26-CV-2930 (AT) (JW)** |

**JENNIFER E. WILLIS, United States Magistrate Judge.**

On September 1, 2026, this Court held an initial case management conference. Both parties submitted proposed case management plans in advance of the conference. (Dkt. Nos. 25 and 26). For the reasons stated more fully on the record, Defendant's request for a stay of discovery pending a ruling on their motion to dismiss (Dkt. No. 19) is **GRANTED**. Because discovery is stayed, any further discussion of discovery deadlines will be deferred. At this point, there should be no requests for documents and information being exchanged between the parties. In addition, there shall be no subpoenas or requests to third parties made in relation to this case until the stay is lifted.

The Court considered the following when granting the stay:

First, the scope and scale of discovery sought in this case weigh in favor of waiting until the pending motion to dismiss is resolved. The conduct alleged by Plaintiff spans many years and involves many potential custodians and witnesses. It

would be time-consuming and expensive to gather relevant documents at this juncture.

Second, the Court believes the prejudice to the Plaintiff in this case would be slight. Plaintiff's claims center on conduct alleged to have occurred in the 1990s. The Court understands that Plaintiff has attempted informally to pursue recourse and to get answers for years. However, given the long delay in bringing a complaint, the Court finds there is no urgency to begin discovery immediately. The landscape of the case will not change materially in several months.

Third, the strength of Defendant's pending motion to dismiss favors a stay. Per the Court's initial assessment, many of the issues identified in Judge Garnett's Order of Dismissal in Plaintiff's miscellaneous case (*In re Edwin R. Watley*, 26-MC-00045 (MMG) at Dkt. No. 3) persist here. The operative pleading does not outline many of the details that Plaintiff provided orally during the conference. While the additional detail helps to explain Plaintiff's claims, it does not resolve all of the outstanding issues with the Complaint. The consent decree that Plaintiff seeks to enforce remains unspecified, and there is no detail about the terms of the decree, which entities are bound by it, or whether and how it applies to Plaintiff. Moreover, the conduct described by Plaintiff largely took place in the 1990s, and at latest, 2001. The statute of limitations governing the relevant laws for discrimination and retaliation would not allow claims dating back 25-30 years.

This Court will issue a Report and Recommendation in due course, and in doing so, it may look beyond the Complaint to allegations raised in the Plaintiff's Opposition Papers in response to Defendant's Motion to Dismiss. (Dkt. Nos. 34-36).

Defendant is directed to order a copy of the transcript and mail a copy to Plaintiff.

SO ORDERED.

Dated: New York, New York
September 2, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge